THOMAS J. POPE AND ANOTHER v. GEORGE PERAULT, RESPONDENT.

HENRY H. MORANGE, APPELLANT.

*The testimony taken by a referee must be filed with his report—General Rule No. 30—Stenographer need not deliver notes until his bill is paid—effect of allowing the referee to use them as the basis of his report.*

Under General Rule No. 30, the testimony taken before a referee must be filed with his report, and until this is done the filing is incomplete, and the time within which exceptions to the report must be filed and served does not begin to run.

Although a stenographer is not obliged to part with his notes until his bill has been paid, yet if he do deliver them to the referee to be examined by him and used as the basis of his report, he cannot limit the effect of such delivery , and it is the duty of the referee to file them with his report, even though the fees of the stenographer remain unpaid.

APPEAL from an order made at a Special Term confirming the report of a referee, and from an order denying a motion to compel the minutes of the testimony taken before the referee to be filed.

The appellant, H. H. Morange, Jr., was formerly the attorney for the defendant herein. In December, 1878, other attorneys were substituted in his place in pursuance of an order which required the defendant to give a bond to pay any fees which might be ascertained to be due to Mr. Morange. On a reference, after a hearing had before the referee, the latter made a report, by which he found that nothing was due to Mr. Morange. This report was, on motion of Mr. Morange, set aside and a new hearing ordered by an order made at a Special Term, which order was, however, reversed, upon an appeal taken by the defendants to the General Term. The testimony had been taken by a stenographer, who had delivered his notes to the referee to be used by him in making his report, but with directions that they should not be delivered to either party, or filed until his fees had been paid. It was claimed that the stenographer had been employed under an agreement that each side should bear one half of the expense, and that Mr. Morange refuses to pay his one-half.

The defendant, after the entry of the order of reversal made by the General Term, moved for an order confirming the referee's report, and Mr. Morange moved for an order requiring the testimony taken before the referee to be filed. From the orders made upon the hearing of these motions these appeals were taken.

*Henry H. Morange*, for the appellant.

*T. B. Wakeman*, for the respondent.

BRADY, J.:

The testimony should, under rule 30, have been filed with the report. Until that is done, the filing is incomplete, and the time to except does not run. Whether the attorney violated his agreement with the stenographer or not, the referee certainly could not report without the testimony. It matters not how such testimony was taken, nor with what understanding. It was either in the referee's hands or it was not. If it was, it necessarily became a part of his report. If it was not, there was no basis for judicial action. The stenographer, it is true, might have retained the notes until his bill was paid. But he could not limit the effect of their surrender. By that act the referee acquired the testimony for the purposes of the decision, the report, and as a legal consequence, of the filing.

The court below should therefore have directed the filing of the report; but, under the previous opinion of the General Term, without costs. It should also have refused to hear the motion to confirm the report until the testimony had been filed and the attorney had had the usual time to except thereafter.

Both orders should be reversed, without costs, and an order made, granting the motion to file the testimony without costs, and dismissing the motion to confirm the report, without costs, but without prejudice to a renewal in due course of practice after the filing of the testimony.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

So ordered.